UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Scott Hutchison,                              Case No. 3:12cv00320

          Plaintiff

     v.                                       ORDER

John R. Parent, et al.,

          Defendants

This matter is before the Court on Defendant John R. Parent's motion for a protective order

and Plaintiff's opposition thereto.  This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

**Defendant's Motion for Protective Order**

*A.   Applicable Legal Standard*

The scope of discovery under Fed. R. Civ. P. 26(b) is broad and subject to the limitations of

relevance and privilege.  *Lewis v. ACB Business Services, Inc.,* 135 F.3d 389, 402 (6th Cir. 1998).  The

counterbalance to that broad scope is asserted via a request for a protective order.

Under Fed. R. Civ. P. 26(c), "[t]he court may, for good cause, issue an order to protect a

party or person from annoyance, embarrassment, oppression, or undue burden or expense," related

to a discovery request.  To justify the granting of a protective order, the movant's request must

include "'a particular and specific demonstration of fact, as distinguished from stereotyped and

conclusory statements.'"  *Serrano v. Cintas,* __F.3d__, 2012 WL 5458182 (6th Cir. 2012), quoting, *Gulf

Oil Co. v. Bernard*, 452 U.S. 89, 103 n.16 (1981).   Good cause is not established via inconvenience

and expense.  See 6 James Wm. Moore, Moore's Federal Practice §26.104[1] (3d 2012).  A trial court has broad discretion regarding the issuance of a protective order.  *Conti v. American Axle and Mfg., Inc.*, 326 Fed. Appx. 900, 903-04 (6th Cir. 2009).

B.  *Discussion*

Defendant Parent seeks a protective order "forbidding discovery sought by plaintiff's notices of deposition" and "broad discovery from entities not parties to this action without having made the heightened showing of relevance and need required by law."  (Doc. No. 43 at p.1).  A brief description of the litigation, as represented in the complaint, is in order to give context to the present discovery dispute.

Scott Hutchison ("Hutchison"), an Ohio resident, and John Parent ("Parent"), an Indiana resident, are sole members of JPSH, LLC, an Indiana entity.   JPSH was organized by Hutchison and Parent for the purpose of purchasing, renovating, rebuilding and building apartment buildings.  Parent is also a shareholder and officer of J-J Parent Corporation.  Thomas Danford ("Danford") is an Indiana resident and a certified public accountant who provided accounting services to JPSH, Parent and Parent's other business entities.

This litigation arises out of financing transactions arranged through Parent, involving his business entities.  According to the complaint, the parties understood that Hutchison would provide the labor and knowledge in performing the construction and renovations with Parent providing the financing for their projects.    Distilled to its essence, the complaint alleges that Parent misrepresented amounts invested in JPSH as well as the designation of investment dollars, causing the default of JPSH.  As a result, J-J Parent acquired the properties for a fraction of their value and transferred them to third parties to avoid creditors. Hutchison was left saddled with tax liabilities on the foreclosed properties.   The allegations against Parent include:  (1) breach of fiduciary duty; (2) failure to account; (3) fraud; (4) fraudulent conveyance; and (5) breach of operating agreement.

The non-parties which have been subpoenaed include:  Stellhorn Retirement Community, Inc., Dupont Retirement Community, Inc., C & A Retirement Communities, Inc., Yellow Retirement, LLC, Parent Holdings, LLC, and J-J Parent Corporation.  According to Defendant Parent, the subpoena requests:

> All financial records of the [companies] from 2007 through 2011 specifically including, but not limited to:  1) federal income tax returns, 2) records of all loans between the deponent and any other companies in which J.R. Parent, Jr. [*sic*] has an ownership interest; 3) any and all financial statement prepared for the company from 2007 through 2011; and 4) any and all records of communication or involvement with JPSH, LLC.

Hutchison opposes Parent's motion and appends portions of the depositions taken in the previous state court litigation to establish the connection between Parent and these non-party entities.  (Doc. No. 46-1).  The entities subpoenaed were used by Parent to finance JPSH's business interests and in which Parent had an ownership interest at the time of the events in question.  (*Id.*) As noted by Hutchison, "[o]ne or more of them provided the capital that enabled the plaintiff to become part of the company and plaintiff is entitled to understand how [Defendant Parent] keeps his books and records, a point that is significant in a way in which defendant dealt with plaintiff and their company."  (Doc. No. 46 at p.4).  Taking into consideration the allegations in the complaint, the deposition testimony submitted and the information requested via subpoena, I find Plaintiff has established relevance for the stated discovery under Fed. R. Civ. P. 26(b).  Parent's objection to the time frame regarding the scope of financial records is also unpersuasive as the complaint alleges fraudulent transfer of properties by J-J Parent in the years 2010-2011.  Moreover, Hutchison has indicated his willingness to agree to a protective order.

Parent also objects to the deposition notices directed to the "records custodian" of the respective entities, claiming it is unduly burdensome as he, Parent, has been deposed twice in the previous state-court litigation.  The notices filed with this Court (Doc. Nos. 36-42) are directed at the records custodian of the non-parties.  Parent just happens to be the custodian of the non-party entities.   Discovery of nonparties is obtained via Fed. R. Civ. P. 45 and 30.  *See e.g., Taleyarkhan v.*

*Purdue University*, 2012 WL 5304379 *2 (N.D. Ind. 2012).  In this case, Hutchison has complied with the relevant rule and the entities have not moved to quash the subpoenas.  The Court expects the deposition to be focused on the specific information requested and that counsel for the parties can work to resolve the matter in an expeditious manner for all concerned.

The final item to be addressed is Parent's objection to the notices being filed after the deadline for discovery.  Parent is correct that the local rules generally address the limitations of discovery as dictated by the case management conference order.  Additionally, leave of court to extend deadlines is contemplated by Fed. R. Civ. P. 6(b).  Hutchison filed the notices of deposition five days outside the discovery deadline and did not seek leave to extend the time for discovery.  In this particular instance, the enforcement of a rule to prohibit the pursuit of relevant discovery does not promote the interests of justice and the policy of resolving cases on the merits.   It does not absolve the parties, however, from following those rules in the future.

## Conclusion

For the reasons stated above, I deny Defendant Parent's motion for protective order (Doc. No. 43).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge