UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Scott Hutchison,                                    Case No. 3:12cv00320

        Plaintiff

    v.                                              MEMORANDUM OPINION
                                                                                                                                                                                                                                                                                                                                                                                                                                                                      & ORDER


John R. Parent, et al.,

        Defendants


This matter is before me on Defendant Thomas S. Danford's motion to dismiss (Doc. No. 114), Plaintiff's opposition (Doc. No. 116) and Defendant's reply (Doc. No. 117) thereto. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. For the reasons stated below, I find there is no personal jurisdiction over Defendant Danford.

### BRIEF BACKGROUND

This litigation arises out of a failed joint venture between an Ohio and Indiana resident. Relevant to this discussion is the role of Thomas S. Danford in this litigation.

Danford was an accountant who provided services to the Defendant LLC, to Defendant Parent as well as other business entities owned and operated by Parent. (Doc. No. 1 at ¶ 4.) The remaining claim[1] against Danford is for accountant malpractice. (*Id.* at ¶ 39). Danford renews[2] his

---

[1] Danford was also alleged to have engaged with Defendant Parent in a civil conspiracy to defraud the Plaintiff, however, Judge Jack Zouhary, originally assigned this case, dismissed this claim without prejudice. (Doc. No. 18).
[2] At the Case Management Conference in May 2012, Judge Zouhary initially determined there were sufficient contacts alleged in Plaintiff's complaint and affidavit to satisfy Ohio's long-arm statute but gave Danford leave to renew this branch of his motion. (Doc. No. 18).

1

motion for dismissal contending no personal jurisdiction exists over him and requests dismissal from this litigation.

## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

**1. Applicable Legal Standard**

In opposing a motion to dismiss for lack of personal jurisdiction, the burden is on the plaintiff to demonstrate that jurisdiction is proper. *Schneider v. Hardesty*, 669 F.3d 693, 697 (6th Cir. 2012) quoting *Bird v. Parsons,* 289 F.3d 865, 871 (6th Cir. 2001).

"Presented with a properly supported 12(b)(2) motion and opposition, the court has three procedural alternatives; it may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions." *Theunissen v. Matthews d/b/a/ Matthews Lumber Transfer*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citations omitted). The method of selection is left to the discretion of the district court. *Id.* The district court's choice determines the weight of plaintiff's burden. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998).

When confronted with a "properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen*, 935 F.2d at 1458, citing *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 930 (6th Cir. 1974).

> When. . . a district court rules on a jurisdictional motion to dismiss. . . without conducting an evidentiary hearing, the court must consider the pleadings and affidavits in a light most favorable to the plaintiff. . . To defeat such a motion, [the plaintiff] need only make a prima facie showing of jurisdiction. Furthermore, a court . . . does not weigh the controverting assertions of the party seeking dismissal. . .

*Dean*, 134 F.3d at 1272, quoting *Compuserve, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996). Dismissal is proper if all the facts taken together fail to establish a prima facie case for personal jurisdiction. *Id.*

Personal jurisdiction exists over a nonresident "if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant [ ] due process." *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (quotation omitted). The panel in *Bird* also noted:

> We have recognized that Ohio's long-arm statute is not conterminous with federal constitutional limits. *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000) (noting that "the Ohio Supreme Court has ruled that the Ohio long-arm statute does not extend to the constitutional limits of the Due Process Clause") (citing *Goldstein v. Christianson*, 70 Ohio St.3d 232 (Ohio 1994) (per curiam). Nevertheless, in evaluating whether personal jurisdiction is proper under Ohio's long-arm statute, we have consistently focused on whether there are sufficient minimum contacts between the nonresident defendant and the forum state so as to not offend "traditional notions of fair play and substantial justice." *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)); *Cole v. Mileti*, 133 F.3d 433, 436 (6th Cir. 1998) (addressing the due process concerns rather than inquiring into the propriety of jurisdiction under Ohio's long-arm statute).

*Id.* at 871-72.

**2.   Ohio's Long-Arm Statute**

Under Ohio Rev. Code § 2307.382:

> (A) A Court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
>> (1) Transacting business in this state;
>> (2) Contracting to supply services or goods in this state;
>> (3) Causing tortious injury by an act or omission in this state;
>> (4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives

3

>substantial revenue from goods used or consumed or services rendered in this state; . . .

The Ohio Supreme Court has interpreted the term "transacting business" for purposes of personal jurisdiction broadly as follows:

>"Transact," as defined by Black's Law Dictionary (5 Ed.1979) 1341, " * * * means to *prosecute negotiations;* to carry on business; *to have dealings* * * *. The word embraces in *its meaning the carrying on or prosecution of business negotiations* but it is a *broader term than the word 'contract' and may involve business negotiations* which have been either wholly or partly brought to a conclusion * * *." (Emphasis added.)

*Kentucky Oakes Mall Co. v. Mitchell's Formal Wear, Inc.,* 53 Ohio St.3d 73, 75, 559 N.E.2d 477, 480 (1990), *cert. denied,* 499 U.S. 975 (1991). Moreover, "personal jurisdiction does not require physical presence in the forum state." *Goldstein v. Christiansen,* 70 Ohio St.3d 232, 236, 638 N.E.2d 541, 544 (1994).

In this case, Plaintiff's affidavit contends there was regular contact between him and Danford "both by telephone and over the internet with regard to the financial affairs of the company. Moreover, during thatat [sic] some point in that period of time, Mr. Danford came to have access to our computer in Ohio through the internet and would routinely download information from that computer." (Doc. No. 16-1 at ¶ 4). For his part, Danford avers he has "never transacted business with JPSH in Ohio." (Doc. No. 114-1 at ¶ 11).

Danford's affidavit and statement on the transaction of business is broad, conclusory and does not dispute the statements averred by the Plaintiff. Viewing the affidavits in the light most favorable to the Plaintiff, I find Ohio's long-arm statute confers jurisdiction to satisfy the first step in assessing personal jurisdiction.

**Due Process**

Under the second step of the analysis and to comport with due process, I consider the factors endorsed by the Sixth Circuit in *Mohasco Industries, Inc.* and which remain the standard in this Circuit:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state.  Second, the cause of action must arise from the defendant's activities there.  Finally, the acts of the defendant or consequences caused by the defendant must have had a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 450 (6th Cir. 2012), *quoting Southern Machine Co. v. Mohasco Industries*, 401 F.3d 374, 381 (6th Cir. 1968).   As noted above, the burden of establishing jurisdiction rests with the plaintiff.

Turning to the "purposeful availment" factor, considerations include actions which indicate a nonresident purposefully availed himself of the "benefits and protections" of the forum state. *Kerry Steel, Inc. v. Paragon Indus. Inc.*, 106 F.3d 147, 151 (6th Cir. 1997).   Taking the Plaintiff's affidavit and construing it in his favor,  I cannot find Danford's contact with Ohio are anything more than "random" and "fortuitous contacts" contemplated by the Supreme Court in *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

Danford's contacts with Ohio were in his capacity as an accountant for an Indiana entity.  Danford is an Indiana resident and his office is located in Angola, Indiana.  His professional license as a certified public accountant was issued by the State of Indiana.  He does not maintain any offices in Ohio, owns no real estate here, nor does he employ individuals or agents in the forum state.

5

Plaintiff relies on regular and systematic telephone and internet contact as supporting a finding of personal jurisdiction. The Sixth Circuit has noted that "[a] numerical count of the calls and letters has no talismanic significance." *LAK, Inc. v. Deer Creek Enterprises*, 885 F.2d 1293, 1301 (6th Cir. 1989). Without more to demonstrate the quality of those contacts as supporting purposeful availment, this does not meet Plaintiff's burden to establish jurisdiction.

Moreover, Plaintiff's reliance on the case of *R.D. Marks Consulting, Inc. v. Astra Holdings, LP*, Case No. 5:08 CV 2962 (N.D. Ohio April 10, 2009) (Doc. No. 17), is not well founded. The nonresident defendants in that case "often contacted Plaintiff by phone or email in his Ohio office to request that he do work on their behalf and that Plaintiff's performed work in Ohio on Defendants' behalf." (*Id.* at p. 20). No such conduct is present based upon the pleadings or affidavits in the case *sub judice*.

Rather, the conduct of Danford is not indicative of parties "who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state' [and] are subject to regulation and sanctions in the other State for the consequences of their activities." *Burger King*, 471 U.S. at 472, *quoting Travelers Health Assn v. Virginia, Int'l Life Ins. Co.*, 339 U.S. 643, 647 (1950). Danford was employed by Defendants Parent and JPSH; that he communicated with Plaintiff via the phone and the internet in order to obtain financial information necessary to the performance of his duties in Indiana does not equate to the type of conduct necessary to constitute purposeful availment.

Under the second *Mohasco* factor, I find this cause of action did not arise out of Danford's contacts with Ohio. Danford communicated with the Plaintiff in Ohio in

furtherance of his employment on behalf of the Defendants but his accounting services were performed in Indiana. The Plaintiff has not met his burden as to this second factor.

Because the first two factors are not met, I further find Danford's acts did not have a substantial connection with Ohio so as to make the exercise of jurisdiction over him reasonable.

As the Plaintiff has not sustained his burden of establishing personal jurisdiction over Danford, the motion to dismiss is well taken.

## CONCLUSION

Accordingly, Defendant Danford's motion to dismiss for lack of personal jurisdiction (Doc. No. 114) is granted and he is dismissed as a party to this litigation.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge