UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Scott Hutchison,                                    Case No.  3: 12 cv 320

            Plaintiff

        v.                                          MEMORANDUM OPINION
                                                         AND ORDER

.John R. Parent, et al,

            Defendants


        This matter is before me on the parties' motions in limine.  The first is Plaintiff's motion in

limine (Doc. No. 131), Defendant's opposition (Doc. No. 136), Plaintiff's Supplemental Brief in

Support (Doc. No. 139), and Plaintiff's Second Supplemental Brief in Support (Doc. No. 140).  Also

before me is Defendant's motion in limine (Doc. No. 133), Plaintiff's Response (Doc. No. 134),

Defendant's Reply (Doc. No. 135), Plaintiff's Reply (Doc. No. 138), and Defendant's Reply (Doc.

No. 142).   This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

### APPLICABLE LEGAL STANDARD

        While not explicitly addressed in the Federal Rules of Evidence or Civil Procedure, motions

in limine "may be directed toward barring specified evidence or argument and may be based on any

of the grounds available under the Federal Rules of Evidence."  3 JAMES WM. MOORE, MOORE'S

FEDERAL PRACTICE § 16.77[4][d][ii] (3d ed. 2014).  The practice of liminal rulings "has developed

pursuant to the district court's inherent authority to manage the course of trials."  *Luce v. United

States*, 469 U.S. 38, 41 n.4 (1984).

Motions in limine are generally used to ensure evenhanded and expeditious management of trials as the "prudent use of the *in limine* motion sharpens the focus of later trial proceedings and permits the parties to focus their preparation on those matters that will be considered by the jury." *Jonasson v. Lutheran Child and Family Services*, 115 F.3d 436, 440 (7th Cir. 1997). The court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds. *Luce, supra.*

The party moving to exclude evidence has the burden of establishing the inadmissibility of the evidence for any purpose. *Mason v. City of Chicago*, 631 F.Supp.2d 1052, 1056 (N.D. Ill. 2009) (citation omitted). The trial court is afforded broad discretion in such a ruling, *Branham v. Thomas M. Cooley Law Sch.*, 689 F.3d 558, 560 (6th Cir. 2012), or its decision to defer ruling until the evidence unfolds at trial. *Graves v. District of Columbia*, 850 F.Supp.2d 6, 11 (D.D.C. 2011) (citations omitted).

Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded. The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine. *See United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) (citation omitted).

The Supreme Court has noted the provisional nature of liminal rulings as "the judge may always change his mind during the course of trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) (citation omitted). Where the evidence unfolds different from the proffer, sufficient to cause the issue to be revisited, the court is "free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce*, 460 U.S. at 41-42.

I now turn to the parties' individual motions.

### PLAINTIFF'S MOTION IN LIMINE (DOC. NO. 131)

Plaintiff requests an order "preventing defendant from offering any evidence concerning

claimed expeditures on behalf of JPSH made by him or entities he controlled for which a note and mortgage were executed by plaintiff in 2009." (Doc. No. 131 at pp. 1-2). The documents produced by Defendant were not presented in an itemized format and are incomplete, compelling Plaintiff to request the Defendant be precluded from "introducing evidence of claimed expenses incurred which led to the notes and mortgages in this litigation." (*Id.*)

In his opposition, the Defendant denies there is a basis to grant this type of relief for several reasons. First, Plaintiff's initial disclosures were "decidedly vague with regard to the documents he intends to use to support his claims." (Doc. No. 136 at p. 2). Second, Plaintiff's responses to Defendant's discovery requests were also vague in nature. Third, Defendant states he has provided evidence to support his million dollar investment in JPSH through documents produced and that Plaintiff has "failed to demonstrate that Parent was ever in possession of the documents he claims Parent is withholding." (*Id.* at p. 2, footnote omitted).

On August 14, 2014, I held a pretrial and the parties discussed a way to determine that all documents, relevant to this issue, had been unearthed. Within a week, Defense counsel advised that Mr. Parent was unable to find additional records and Plaintiff was in possession of all of the records Mr. Parent had in his possession.

Plaintiff's supplemental brief notes the lack of records to be had which "furnish the basis for the property on its two major properties, Magoffin Manor in Kentucky and Beulah Gardens in Louisiana." Plaintiff also reports his expert's report will be submitted shortly and will support "the harm sustained by Plaintiff in his ability to prosecute this case as a result of these deficiencies." (Doc. No. 139 at p. 2).

In a second supplemental brief, the Plaintiff recognizes the severity of the relief sought via his motion to compel. He attaches emails and a timeline in order to demonstrate that Defendant did understand and appreciate the day-to-day management of expenses. He further suggests that the Defendant be afforded the opportunity to review the materials provided to Plaintiff which support

his position and calculate the amount of expenses incurred, which the Defendant can substantiate through documents.  Should the Defendant decline to do this, Plaintiff requests preclusion of evidence, by Defendant, in excess of $651, 722.20 as support for his mortgages and which Plaintiff's expert has determined was the amount of funds advanced by JPSH to Parent entities.  (Doc. No. 140 at p. 6).

One of the primary objectives of discovery is elimination of surprise at trial.  *Erskine v. Consolidated Rail Corp.*, 814 F.2d 266, 272 (6th Cir. 1987).  "Discovery serves to narrow and clarify the issues and ascertain the facts that are actually in dispute and require trial."  6 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 26.02 (3D ED. 2014).  However, a party responding to a discovery request cannot produce what it does not have in its possession.

The Plaintiff's request to exclude non-existent evidence does not automatically translate into a directed verdict for the opposing side.  The Plaintiff will still have to make his case to the jury and the Defendant will have an opportunity to put on a defense as to the causes of action asserted.  The jury, guided by the Court's jury instructions, will then decide the ultimate issues.

At this juncture of the proceedings, I deny Plaintiff's motion in limine (Doc. No. 131) without prejudice.

## DEFENDANT'S MOTION IN LIMINE (DOC. NO. 133)

The Defendant moves to preclude the testimony of Plaintiff's witnesses, Joel Dollarhide and Barry Trine.  Additionally, he moves to preclude evidence of any offer to purchase the Beulah Gardens property.

Regarding the witnesses, the Plaintiff indicates he will not call Barry Trine on the issue of Defendant's character, unless the Defendant opens the door to such testimony.   As for Joel Dollarhide, he is offered as both a fact and expert witness.  His report was filed with the Court on

September 5, 2014. (Doc. No. 145). Since the trial date has been vacated and new deadlines are in place, there will be time to depose Mr. Dollarhide in advance of trial. I will deny Defendant's motion as to these two witnesses as moot.

Regarding the offer on the Beulah Gardens property, the Plaintiff concedes the offer cannot be permitted on the issue of valuation. (Doc. No. 134 at p. 3). Plaintiff proposes that "the offer stands as some evidence of value not because of what it contains, but what defendant did, or did not do with respect to it." (*Id.*)

However, the case law is fairly clear that admissibility of an offer to purchase alone cannot stand as evidence of a property's value. *See Sharp v. U.S.*, 191 U.S. 341, 348 (1903); *United States v. Hart*, 312 F.2d 127, 130 (6th Cir. 1963). *See also Proctor v. Cook*, No. 4-07-28 (3d Dist. Unreported), 2008 WL 4901831 *5 (Ohio App. Nov. 17, 2008) (noting that "unaccepted offers to purchase do not constitute a sale price and [ ] raise no such presumption" as to the true value of property). At this juncture, I remain unconvinced that evidence of an unaccepted offer is admissible as to the property's value. Therefore, Defendant's motion in limine on the evidence of the offer on Beulah Gardens is granted.

## PUNITIVE DAMAGES

In an emailed letter brief[1] to the Court, Defendant discussed two categories of discovery sought by the Plaintiff. The first is aimed at discovery previously requested. In this category, Defendant concedes that the tax returns of the Defendant are subject to discovery as evidence of net worth related to a punitive damages claim, the internal accounting documents of Defendant's related entities are not subject to discovery on this issue.

---

[1] Sent on August 28, 2014 at 3:17 p.m. per the Court's Order of August 29, 2014. (Doc. No. 141). Plaintiff's brief in response (Doc. No. 143) and Defendant's reply (Doc. No. 146) were filed on the docket.

The second category Defendant outlines is discovery that was never requested.  Specifically, Plaintiff requested an "updated production" of documents which, according to the Defendant, were never the subject of a discovery request.  These documents include federal tax returns for JPSH, LLC,  Defendant's individual tax returns, rent rolls for Beulah Gardens and Magoffin Manor, including the QuickBooks backups for JPSH, Beulah Gardens, LLC, and Magoffin Manor, LLC.

In addition, the Defendant takes issue with the representation that Plaintiff " 'just discovered' that Parent had titled the Beulah Gardens and Magoffin Manor properties to different LLCs:  Magoffin Manor, LLC, and Sunrise of Eunice, LLC."  (Def's Letter Brief, p. 2).  The Defendant states that Plaintiff's counsel was aware at least as early as January 2011, during Parent's deposition, that the properties in question were titled to the aforementioned LLCs yet sought no discovery as to either entity.

In response, Plaintiff contends the parties were unable to work out a resolution on this issue and notes the relevancy of the Defendant's net worth as it relates to the issue of punitive damages. The Plaintiff agrees to bifurcation of liability and damages if that procedure is agreeable to the Defendant.  Plaintiff requests the Defendant produce "his income tax returns for 2010, 2011, 2012, and 2013 (provided the last year has been completed)."  (Doc. No. 143 at p. 3).  In addition, Plaintiff argues since he could obtain the documents through a subpoena at trial, he should have access to them without having to utilize that formality.

Defendant's response characterizes the issue as whether the tax returns are subject to supplementation and since a request was never made for these items they cannot now be the subject of supplementation under Fed. R. Civ. P. 26(e).  Moreover, the Defendant correctly notes the Plaintiff "offers no defense for his inaction in requesting information that, by his own admission, he was aware of it for the 'past several years.'"  (Doc. No. 146 at p. 1 ). The Defendant takes issue with producing relevant documents in the absence of a discovery request.  For these reasons, the

Defendant argues no supplementation is necessary as the discovery request for the tax returns was never made nor can Plaintiff's subpoena argument succeed to circumvent the discovery process.

"Court proceedings are held for the solemn purpose of endeavoring to ascertain the truth which is the *sine qua non* of a fair trial." *Estes v. State of Texas*, 381 U.S. 532, 540 (1965). Moreover, a trial court has discretion in managing its docket, including the reopening of discovery.  Fed. R. Civ. P. 16(b)(4) allows for modification of a schedule for good cause.  "What constitutes good cause sufficient to justify modification of a scheduling order necessarily varies with the circumstances of each case."  6A  Charles Alan Wright, et al., FEDERAL PRACTICE AND PROCEDURE Civ.§ 1522.2 (3d ed. 2014)(footnote omitted).

In this instance, the trial date was vacated on August 14, 2014, and has been rescheduled for March 2, 2015.  Some limited discovery will need to occur in order to prepare for trial. Certainly, the limited discovery will, in my view, lead to relevant evidence.  The diligence of the parties, also a factor for consideration, is somewhat of a draw and favors neither side.  The prejudice to either party is negated by the fact that the trial date has been rescheduled.  On balance the factors weigh in favor of good cause and promote the readiness of both sides for a fair trial.  Accordingly, the issue of punitive damages will be one of the areas subject of the reopening of limited discovery.

## CONCLUSION

For the reasons stated above, Plaintiff's motion in limine (Doc. No. 131) is denied. Defendant's motion in limine (Doc. No. 133) is denied as to witness Joel Dollarhide and denied as moot as to witness Barry Trine.  Defendant's motion in limine (Doc. No. 133) is granted as to evidence of an unaccepted offer to purchase Beulah Gardens.

The issue of punitive damages shall be the subject of a forthcoming order reopening discovery for a limited purpose.

Finally, Defendant's motion to strike Plaintiff's second supplemental brief in support (Doc. No. 147) is denied as moot.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge