UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Scott Hutchison,                                                  Case No. 3:12 cv 320

          Plaintiff

    v.                                                        MEMORANDUM OPINION
                                                               AND ORDER

John R. Parent,

          Defendant

       This matter is before me on Defendant's motions in limine and Plaintiff's responses thereto. Having articulated the legal standard applicable to liminal motions in a previous opinion (Doc. No. 149), in the interests of expediency, I forego reiterating the standard and turn directly to each of the motions at issue.

### Limiting Use of *Ex Parte* Subpoenas (Doc. No. 182)

       Defendant moves to exclude any evidence obtained via use of *ex parte* subpoenas. In his seven page motion, the Defendant details six instances in which Plaintiff failed to follow the procedure for serving subpoenas, specifically that of notice to other parties. Fed. R. Civ. P. 45. The Plaintiff concedes he did not adhere to the proper procedure.

       Rule 45 requires the party issuing the subpoena to provide prior notice to all parties to the litigation. The purpose of prior notice serves two goals as it "afford[s] other parties an opportunity to object to the production or inspection and to obtain the materials at the same time as the party who served the subpoena." *Coleman-Hill v. Governor Mifflin School Dist.*, 271 F.R.D. 549, 552 (E.D. Pa. 2010).

A trial court has inherent authority to manage its own affairs, including the power to impose sanctions where a party's conduct abuses the judicial process. *Children's Center for Developmental Enrichment v. Machle*, 612 F.3d 518, 524 (6th Cir. 2010). The Sixth Circuit notes that "[o]ur caselaw gives district courts wide latitude to fashion appropriate remedies for discovery violations." *Lloyd v. Saint Joseph Mercy Oakland*, 766 F.3d 580, 589 (6th Cir. 2014).

In contemplating sanctions, courts generally consider the proportionality of the sanction in relation to the violation, whether the opposing side suffered prejudice, and the necessity for deterrence. *Coleman-Hill*, 271 F.R.D. at 552.

According to Plaintiff, evidence obtained from the electric companies subpoenaed, concerning occupation of the properties at issue, was provided to defense counsel in February thereby negating the issue of prejudice. As to the subpoenas regarding the managers of the Louisiana and Kentucky properties, counsel were in email contact regularly regarding these depositions. Regarding the subpoena to Iberia Bank, Plaintiff's counsel states no documents have been received from that entity.

Exclusion of evidence is generally considered an extraordinary sanction "absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *Id.* at 553. I do not find the exclusion of evidence warranted in this case based upon the representations of Plaintiff's counsel.

Therefore, Defendant's motion is denied without prejudice.

### Limiting Testimony by Steven L. Hutchison and Certain Exhibits (Doc. No. 190)

A. Testimony of Steven L. Hutchison

The Defendant moves to exclude the testimony of Steven L. Hutchison arguing he is incompetent to testify to the claims of breach of fiduciary duty and fraud. Moreover, Defendant

2

argues Steven Hutchison is not competent to testify on the issue of damages and he be prohibited from giving any expert testimony. Defendant also objects to the use of Steven Hutchison's testimony, characterized by Plaintiff as background or foundational during the April 14, 2014 status conference with the Court.

In opposition, Plaintiff objects to preclusion of Steven Hutchison's testimony based upon "a snippet of deposition testimony," as it inhibits the Plaintiff's ability to present his case which and which may result in the overlap of some testimony.

As the judicial officer overseeing this case, it is my job to manage the trial according to the Federal Rules of Civil Procedure but not to micro-manage the presentation of evidence for either side, as that invades the province of the advocate for the party. While both sides should aspire to present their case as concisely as possible, it is each party's right to put on their case as they see appropriate. If either side strays outside of the lines at trial, I am confident the opposing side will not hesitate to object and I will rule based upon what is before me at that time.

Therefore, Defendant's motion in limine regarding Steven Hutchison's testimony is denied without prejudice.

B. Exhibits

The Defendant seeks to exclude seven classifications of exhibits for a variety of reasons. Defendant points out this Court rejected use of unaccepted offers as inadmissible in a previous opinion. (Doc. No. 149). For these reasons, Defendant requests that Exhibit Nos. 208, 271, 272, 273 and 274 be excluded.

Additionally, the Defendant requests exclusion of Exhibit No. 187, an email conversation between Plaintiff and an individual purporting to be a real estate agent and inquiring into the availability of Beulah Gardens for purchase by an anonymous real estate investor. Defendant argues this statement is hearsay and, therefore, inadmissible under Rule 802.

3

Next, the Defendant asks for exclusion of Exhibit No. 159, also an email conversation regarding an offer to purchase the Beulah Gardens complex between an individual identified as Gerry Hickey, John Parent, and Scott Hutchison. Defendant requests exclusion as this email contains hearsay, is incomplete and related to unaccepted offers of the subject property, which were previously excluded by my ruling last September. (Doc. No. 149).

The Defendant also asks to exclude Doc. No. 155, an email correspondence chain between Plaintiff and an individual named Ron Collins. Because Collins makes statements as to the valuation of property (presumably property at issue), and it is hearsay, the Defendant wants it excluded as such. Alternatively, the Defendant challenges it as undisclosed expert testimony, also inadmissible.

Finally the Defendant requests that Exhibit Nos. 154 (letter), 153 (email), and 152 (email) be excluded as they are hearsay.

In response, Plaintiff requests the Defendants motion be denied and the Court consider the evidence when presented at trial as it may be relevant for other reasons. As an example, the Plaintiff states that the testimony of Ron Collins will not be offered to establish the value of the property nor will he be offered as an expert at trial.

While I did not reiterate the applicable standard regarding liminal motions, the following does bear repeating:

The Supreme Court has noted the provisional nature of liminal rulings as "the judge may always change his mind during the course of trial." *Holler v. United States*, 529 U.S. 753, 758 n.3 (2000) (citation omitted). Where the evidence unfolds different from the proffer, sufficient to cause the issue to be revisited, the court is "free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luke*, 460 U.S. at 41-42.

Therefore, in light of this standard and keeping in mind that the presentation of evidence will drive those rulings, at this juncture, the Defendant's motion in limine regarding the exclusion of aforementioned documents is denied without prejudice.

4

## **Conclusion**

For the reasons stated above, Defendant's motions in limine (Doc. Nos. 182 and 190) are denied without prejudice.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge