UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Scott Hutchison,                                              Case No. 3:12 cv 320

        Plaintiff

  v.                                                            MEMORANDUM OPINION
                                                                                AND ORDER

John R. Parent,

        Defendant


       This matter is before me for rulings on objections raised during the testimony of the videotaped trial depositions of two witnesses, Jackie Arnett and Brian Shepler.

    1.   Deposition of Jackie Arnett

       Mr. Arnett's deposition was taken on March 19, 2015, apparently by notice and agreement. Plaintiff's counsel sought the deposition testimony of Mr. Arnett and commenced the questioning. There were two objections, both by Defendant's counsel. The first objection occurs on page four of the transcript, and is presumably an objection to Plaintiff's counsel's announcement of his intention to take Mr. Arnett's deposition as if on cross-examination.

       Key to the appropriateness of conducting the examination of the deposition of the witness as if on cross-examination is the relationship between the deponent and Plaintiff, and here the deponent and Defendant, as well. A review of the transcript reflects that Mr. Arnett assists in operating an apartment complex called Magoffin Manor. For doing so he, or perhaps his business, is paid by either Defendant John Parent or a business of which Mr. Parent is at least a partial owner, Magoffin Manor, LLC. While there may be no tax withholding from payments to Mr. Arnett or his

business, perhaps making him an independent contractor, he is apparently compensated by payment from Mr. Parent or his business, including use of an apartment on the premises.

Given the close business relationship between Defendant and Mr. Arnett, cross-examination of Mr. Arnett does not strike me as inappropriate. In addition, I note Defendant did not make a single objection to a question as leading, nor did he note a continuing objection to questions asked by Plaintiff's counsel as if on cross-examination. Finally, a review of the entire transcripts reveals few, if any, leading questions of any real import. For all these reasons, Defendant's first objection during Mr. Arnett's testimony is overruled.

Defendant's second objection is on pages nine and ten of the transcript:

Q. Okay. And how do you record the rent? And, please, if you don't understand my question, just tell me and I'll repeat it.

A. Yeah. I was just trying – Quickbooks. I put it on the – on the computer.

Q. And how do you – do you use an Internet hook-up to connect with the Indiana server; is that how that works?

A. I guess.

MR. McHUGH: Objection. Foundation.

Q. Okay. Go ahead and answer.

A. I guess. I mean, I just put it on the computer –

Q. Okay.

A. – and, you know.

Presumably, Defendant objects to counsel's question concerning how the Quickbooks program connects to relevant data, perhaps over the Internet and to a server in Indiana.  While counsel's question could have been clearer, and perhaps ironically a bit less leading in nature, Mr. Arnett had just testified to use of Quickbooks software for entry of rent payment information.  The witnesses may well have known where the data for the program was stored.  From his response, it appears he did not.  While a close call, I find the witness gave a cogent answer essentially denying knowledge of how the program functioned behind the veil of his local data entry in Quickbooks, although perhaps not the response Plaintiff's counsel anticipated.  Accordingly, I find there was sufficient foundation to ask the question, and will overrule the objection.

   2.   Deposition of Brian Shepler

Mr. Shepler's testimony on March 18, 2015, drew four objections from Defendant.  The first was to Plaintiff's counsel's choice to question Mr. Shepler as if on cross-examination, just like the deposition of Mr. Arnett.  Like Mr. Arnett, Mr. Shepler is a contractor who manages an apartment complex, in this instance Sunrise of Eunice, in Louisiana.  Although, Mr. Shepler reports directly to David Ludwig, who in turn works for Mr. Parent, Mr. Shepler testified he begins each business day by sending an email to Mr. Parent with an update on activity at the apartment complex.  For the same reasons I denied the objection during Mr. Arnett's testimony, I deny the objection here.

The next objections from Defendant relate to the relevance and scope of testimony of the witness.  I had previously limited the scope of Mr. Shepler's deposition, and others.  Defendant's objection was to a question as to the nature of communications between Defendant Parent and Mr. Shepler.  The parties contacted me by telephone and I heard both background information and argument from both parties.  I ruled Plaintiff could have some latitude in laying a foundation as to the relationship between this witness and Mr. Parent.  I will not repeat all of my reasoning here, as

3

my discussion with counsel and ruling on this issue is captured on pages 14 to 21 of the transcript. For the reasons stated therein, I overrule Defendant's objections to this line of questioning.

The last objection by Defendant during Mr. Shepler's testimony is on page 28, during this exchange:

Q. What's the name of the bank you deposit it [rent money] in?

MR. McHUGH: Objection. You can go ahead.

A. Woodforest Bank.

Although Defendant does not state any specific basis for his objection, presumably it is lack of relevance. The limited purpose of the deposition was to obtain bookkeeping information for Sunrise of Eunice. To the extent bank deposits are a routine function of the handling of rents received, I will allow the question and answer. Accordingly, Defendant's objection is overruled.

For the reasons stated above, all of Defendant's objections raised during the depositions of both Mr. Arnett and Mr. Shepler are overruled.

So ordered.

s/ Jeffrey J. Helmick  
United States District Judge

4