UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Scott Hutchison,                                        Case No. 3:12 cv 320

                    Plaintiff

           v.                                           MEMORANDUM OPINION
                                                              AND ORDER

John R. Parent,

                    Defendant


       This matter is before me on Defendant's motion to limit the testimony of Plaintiff's expert

witness, Joel D. Dollarhide, and Plaintiff's response thereto.   Specifically, Defendant contends

Dollarhide is not qualified to give an alternative business valuation of JPSH, LLC; that his valuation

does not assist the fact-finder; and that his methodology is unreliable.


        On April 22, 2015, I conducted a hearing on Defendant's motion, including voir dire of

Mr. Dollarhide by counsel and the Court.  Having considered the written submissions and testimony

of Mr. Dollarhide, I conclude the Defendant's motion is not well taken.


                                    **Daubert Challenge**


       Where testimony of an expert witness is challenged, Fed. R. Evid. 702 triggers a court's

"gate-keeping role" to determine the admissibility of that testimony.  *Daubert v. Merrell Dow

Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1992).   Fed. R. Evid. 702 provides:


              A witness who is qualified as an expert by knowledge, skill,
              experience, training or education may testify in the form of an
              opinion or otherwise:

**(a)** The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or determine a fact in issue;

**(b)** The testimony is based on sufficient facts or data;

**(c)** The testimony is the product of reliable principles and methods; and

**(d)** The expert has reliably supplied the principles and methods to the facts of the case.

The party offering the expert has the burden of proving admissibility by a preponderance of the evidence. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592 n.10 (1992).

"Rejection of expert testimony 'is the exception, rather than the rule.'" *MAR Oil Co. v. Korpan*, 973 F.Supp.2d 775, 781 (N.D. Ohio  2013), *citing In re Scrap Metal Antitrust Litigation*, 527 F.3d at 530.

With this framework in mind, I now turn to the specific challenges raised by the Defendant.

## 1.   Qualifications

An expert may be qualified via their "knowledge, skill, experience, training or education," or a combination of these factors. Fed. R. Evid. 702.   Trial "courts do not consider 'the qualifications of a witness in the abstract, but whether those qualifications provide a foundation for a witness to answer a specific question.'" *Burgett v. Troy-Bilt LLC*, 579 Fed. Appx. 372, 376 (6th Cir. 2014).

In this instance, Mr. Dollarhide is a graduate of the University in Toledo with a bachelor's degree in accounting.  He obtained his CPA license in 2002 and is a partner at Tucker Kissling & Associates.  He has sixteen years of experience as a CPA.

Mr. Dollarhide conceded he is not certified in business valuations or in financial forensic analysis.  He testified that via his CPA education and seminars, he has gained knowledge on evaluation of business entities.

Based upon his education and experience, I am persuaded he is qualified to render an expert opinion in this case.

### 2.  Reliability

As noted by the Sixth Circuit:

> The test of reliability is "flexible," and the *Daubert* factors do not
> constitute a "definitive checklist or test," but may be tailored to the
> facts of a particular case.  *Kumho*, 526 U.S. at 150, 119 S.Ct. 1167
> (citing *Daubert*, 509 U.S. at 593, 113 S.Ct. 2786).  Indeed, we have
> recognized that the *Daubert* factors "are not dispositive in every case"
> and should be applied only "where they are reasonable measures of
> the reliability of expert testimony."  *Gross v. Comm'r*, 272 F.3d 333,
> 339 (6th Cir. 2001).

*In re Scrap Metal Antitrust Litigation*, 527 F.3d 517, 529 (6th Cir. 2008), *cert. denied*, 556 U.S. 1152 (2009).

The reliability of an expert's testimony:

> means that it must be "supported by appropriate validation—i.e.,
> 'good grounds,' based on what is known."

*Id.* citing  *Daubert*, 509 U.S. at 590.  Stated differently, reliability does not depend on the accuracy of

the opinion but "whether it rests upon a reliable foundation, as opposed to, say, unsupported

speculation."  *In re Scrap Metal Antitrust Litigation*, 572 F.3d at 529-30.   As noted by the Court in

*Daubert*::

> The inquiry envisioned by Rule 702 is, we emphasize, a
> flexible one.  Its overarching subject is the [scientific] validity and
> thus the evidentiary relevance and reliability—of the principles that
> underlie a proposed submission.  The focus, of course, must be solely
> on principles and methodology, not the conclusions they generate.

509 U.S. at 594-95.  Moreover, whether or not the "specific factors are, or are not, reasonable

measures of reliability in a particular case is a matter that the law grants the trial judge broad latitude

to determine."  *Kumho Tire Co. v. Carmichael,*  525 U.S. 137, 153 (1999).

Here, the Defendant challenges the methodology employed by Dollarhide for valuation of Beulah Gardens[1], otherwise referred to as the Louisiana property.  Specifically, Defendant objects to the capitalization rate analysis utilized by Dollarhide because it is based upon insufficient data and utilizes a different methodology for differing years.

Mr. Dollarhide testified he put together more than one report based upon incomplete data. He cited to the American Institute of Certified Public Accountants Standards for Valuation Services in support of his utilization of an alternative method of valuation for the Eunice, Louisiana property. The guidelines of the AICPA allow for alternative methods when it is "not practical or not reasonable to obtain or use relevant information" and "because of the unreliability of the financial data [ ] [y]ou can't apply the standard appraisal methods."  (Dollarhide Testimony at p. 11).

In making his most recent assessment, Mr. Dollarhide testified he considered the five million dollar note on the Louisiana property, the assessed property values by the taxing authority, and reviewed the utility records to get the occupancy rate for the rental units.  Mr. Dollarhide explained this was necessary in order to reconcile the credit memos with actual rents deposited.  The credit memos ranged from thirty to forty percent, depending on the year, and lowered the actual rent dollars deposited in the bank.  He also considered the cap rate which is the rate of return on properties for the area in Eunice, Louisiana extending from New Orleans to Baton Rouge because there were no comparable units in Eunice itself.  As the calculations were below the tax assessed values of the taxing authorities, and in light of the absence of reliable financial data, utilizing this alternative methodology, Mr. Dollarhide testified his analysis complied with AICPA guidelines as to this assessment.

In the context of *Daubert*, reliability "requires a valid . . . connection to the pertinent inquiry as a precondition to admissibility."  509 U.S. at 592.  Where the factual basis, data, principles,

---

[1]  The valuation of the Magoffin Manor, the Kentucky property, is not challenged by the Defendant.  (Def's Mot. at p. 11).

methods, or applications are challenged, it is the trial judge who assesses the testimony for "a reliable basis in the knowledge and experience of the [relevant] discipline." *Id.*

Mr. Dollarhide's conclusions are based upon methods permitted by the AICPA in the absence of complete and reliable financial data.  The Court is well aware of the difficulties which have plagued both sides of the litigation in getting current and accurate information in a timely fashion.  Moreover, the causes of action being tried include breach of fiduciary duty and fraud. Within those claims Plaintiff alleges instances of fraud by commission and omission on the part of the Defendant. And due to the alleged fraudulent conduct of the Defendant, Plaintiff seeks punitive damages.

As the reliability inquiry is a flexible one, Mr. Dollarhide's methodology meets the threshold requirement in this instance.  The strength of his opinion can be tested on cross-examination and the weight of his testimony will be for the trier of fact to assess.

## Conclusion

For these reasons, the Defendant's motion to limit Dollarhide's expert testimony (Doc. No. 195) is denied.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
