UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Scott Hutchison,                                                    Case No. 3:12 cv 320

        Plaintiff

   v.                                                                    MEMORANDUM OPINION
                                                           AND ORDER

John R. Parent, et al.,

        Defendants


      A jury trial concluded on April 27, 2015, in Plaintiff's favor. (Doc. No. 209). Now pending before me are multiple post-trial motions, and as the issues raised by the Defendant's motions are jurisdictional in nature, I address those issues first.

### PROCEDURAL HISTORY

      On April 28, 2015, following a five-day jury trial, I issued a judgment entry consistent with the jury's verdicts. (Doc. No. 210).

      On May 8, 2015, Plaintiff moved for an award of attorney fees and prejudgment interest. (Doc. No. 211).

      On May 27, 2015, Defendant filed his Motion for Leave to File Renewed Motion for Judgment as a Matter of Law and/or a New Trial *Instanter*. (Doc. No. 224). Later that same day, Defendant filed an Amended Motion which included his memorandum in support and exhibits. (Doc. No. 226).

I convened a phone status conference with counsel on the same day to discuss a briefing schedule. (May 27, 2015 Minute Entry).

The Plaintiff filed a timely response on May 28, 2015, challenging Defendant's initial motion for leave as untimely. (Doc. No. 227).

Thirteen days later on June 11, 2015, Defendant filed a Renewed Motion for Judgment as a Matter of Law and/or a New Trial With Memorandum in Support. (Doc. No. 236). Contemporaneous with his motion, the Defendant filed a Supplemental Memorandum addressing the issue of the trial court's jurisdiction to consider his Rule 50(b) motion. (Doc. No. 237). Plaintiff then filed a Response to the Memorandum of Jurisdiction (Doc. No. 242), followed by the Defendant's Reply on the issue of jurisdiction. (Doc. No. 244).

The paramount issue before me is whether I have jurisdiction to consider Defendant's Rule 50(b) motion. For the reasons set forth below, I determine jurisdiction does exist to consider Defendant's Rule 50(b) motion.

## JURISDICTION

The parties' positions are straightforward. Plaintiff contends the Rule 50(b) timeline is jurisdictional and not subject to an extension by the Court or the parties. Therefore, the Court's consideration of the Rule 50(b) motion is barred as a matter of law. The Defendant argues jurisdiction does exist as the Plaintiff's motion for attorney fees and prejudgment interest constitutes a motion to alter or amend which serves to suspend the finality of the judgment.

Under the Federal Rules of Civil Procedure, a motion to alter or amend or a renewed motion for judgment as a matter of law must each be filed "no later than 28 days" following the entry of judgment. Fed. R. Civ. P. 50(b) and 59(e). The parties do not dispute the Defendant's Rule 50(b) motion was due on May 26, 2015.

In *Osterneck v. Ernst & Whinney*, 489 U.S. 169 (1989), the Supreme Court held that a post-judgment motion for prejudgment interest was tantamount to a Rule 59(e) motion rendering the notice of appeal ineffective as the motion was still pending before the trial court. The rationale behind this decision was two-fold:

> First, we have repeatedly stated that prejudgment interest "is an element of [plaintiff's] complete compensation." . . . Second, unlike a request for attorney's fees or a motion for costs, a motion for discretionary prejudgment interest does not "rais[e] issues wholly collateral to the judgment in the main cause of action," . . . nor does it require an inquiry wholly "separate from the decision on the merits."

*Id.* at p. 175. (Citations omitted). Thus, the Court concluded that "a postjudgment motion for discretionary prejudgment interest involves the kind of reconsideration of matters encompassed within the merits of a judgment to which Rule 59(e) was intended to apply." *Id.* p. 176.

Less than ten years later, the Sixth Circuit had occasion to consider whether a post-judgment motion to set aside the prejudgment interest was governed by Rule 59(e) or Rule 60(a). *Pogor v. Makita U.S.A., Inc.*, 135 F.3d 384 (6th Cir. 1998). In considering the *Osterneck* decision, the Sixth Circuit noted the Fourth and Tenth Circuits distinguished application of *Osterneck* where the judgment provided for an award of interest and the post-judgment motion merely corrected the judgment, deemed to be "a completely ministerial task." *Id.* at p. 388, quoting *Kosnoski v. Howley*, 33 F.3d 376, 379 (4th Cir. 1994). While the Sixth Circuit found *Osterneck* inapplicable to the case before them, the panel noted as follows:

> When a district court's original judgment does not mention an award of interest, then a later motion to fix interest would be governed by the rationale found in *Osterneck*, as the motion would amount to an original request for interest.

*Id.*

In the present case, the April 28, 2015 Judgment did not reference or discuss prejudgment interest. The first time the issue of prejudgment interest arose was in Plaintiff's May 8, 2015 motion. This original request is exactly the type of situation as existed in *Osterneck* and contemplated by the Circuit in *Pogor*. Again, as noted by the Court in *Osterneck*:

> Because Federal Rule of Appellate Procedure 4(a)(4) renders ineffective any notice of appeal filed while a Rule 59(e) motion is pending, the decision whether a particular pending motion falls under Rule 59(e) will of necessity determine whether an otherwise final judgment is appealable.

489 U.S. at 177. *See also National Ecological Foundation v. Alexander*, 496 F.3d 466, 474 (6th Cir. 2007) ("A properly filed Rule 59(e) motion tolls the period for filing a notice of appeal").

Based upon the teachings of *Osterneck* and *Pogor*, I find the Plaintiff's motion for prejudgment interest constitutes a motion to alter or amend under Rule 59(e) because it is an original request for interest which raises an issue encompassed within the merits. As the motion was timely filed, it suspends the finality of the April 28, 2015 judgment. Accordingly, the deadline for Defendant to file his Rule 50(b) motion has not passed and I have jurisdiction to consider the Defendant's Rule 50(b) motion.

As the timeliness of Defendant's Rule 50(b) motion is determinative on the issue of jurisdiction, I decline to address the effect of Plaintiff's request for attorney fees on jurisdiction as unnecessary.

## CONCLUSION

Having determined that Plaintiff's motion for prejudgment interest is a timely Rule 59(e) motion, I find this Court has jurisdiction to consider the Defendant's Rule 50(b) motion. Upon this determination, I find as follows:

Defendant's motion for leave to file a renewed motion for judgment as a matter of law and/or a new trial *instanter* (Doc. No. 224) is denied as moot;

Defendant's amended motion for leave to file renewed motion for judgment as matter of law and/or a new trial *instanter* (Doc. No. 226) is denied as moot;

A telephonic status conference is scheduled for July 7, 2015 at 10:00a.m.to set a briefing schedule on Defendant's renewed motion for judgment as a matter of law and/or a new trial (Doc. No. 236) and to discuss other outstanding matters.

So Ordered.

          s/ Jeffrey J. Helmick
          United States District Judge