UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Scott Hutchison,                         Case No. 3:12 cv 320

       Plaintiff

   v.                                MEMORANDUM OPINION
                                        AND ORDER

John R. Parent, et al.,

       Defendants

This matter is before me on Defendant's motion for judgment as a matter of law or for a new trial (Doc. No. 236) and Defendant's motion to stay proceedings in aid of execution (Doc. No. 241). As the issues have been fully briefed, I address each motion in turn.

### MOTION FOR JUDGMENT AS A MATTER OF LAW OR FOR A NEW TRIAL

**A. Standard**

As an initial matter, I address the standards to be used in ruling on Plaintiffs' motion. The first issue I must decide is whether Defendants are entitled to judgment as a matter of law[1], notwithstanding the jury verdict, on the ground that Defendants failed to present any evidence from

---

[1] Under Fed. R. Civ. P. 50(b):

If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment–or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged–the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the court may:
    (1) allow judgment on the verdict, if the jury returned a verdict;
    (2) order a new trial; or
    (3) direct the entry of judgment as a matter of law.

which a reasonable jury could have found in their favor. The issue raised by a motion for judgment as a matter of law is whether a reasonable juror, relying on the evidence put forth at trial, could find for the prevailing party. In making that determination, the Court may neither weigh the evidence nor pass on the credibility of witnesses, and must make all reasonable inferences in favor of the nonmoving party. *Buntin v. Breathitt County Bd. of Educ.*, 134 F.3d 796, 798-99 (6th Cir. 1998); *Monday v. Oullette*, 118 F.3d 1099, 1101-02 (6th Cir. 1997).

In cases involving diversity jurisdiction and a motion for judgment as a matter of law, the Sixth Circuit has adopted the minority position of applying state standards when reviewing the sufficiency of the evidence supporting the verdict. *See* 9 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 50.80 (3d ed. 2015). Accordingly, the trial court considers the standard of review applied by the courts of the state whose substantive law governs the action. *Morales v. American Honda Motor Co.*, 151 F.3d 500, 506 (6th Cir. 1998); *J.C. Wyckoff & Assoc. v. Standard Fire Ins., Co.*, 936 F.2d 1474, 1482 (6th Cir. 1991).

In this case, the law of Indiana governs the breach of fiduciary duty claim upon which the jury found in Plaintiff's favor. An Indiana appellate court addressed the requirements under Ind. Trial Rule 50 as follows:

> The standard of review on a challenge to a directed verdict, also known as judgment on the evidence, is the same as the standard governing the trial court in making its decision. *State Farm Mut. Auto. Ins. Co. v. Noble*, 854 N.E.2d 925, 931 (Ind.Ct.App.2006), *trans. denied*. Judgment on the evidence is proper where all or some of the issues are not supported by sufficient evidence. *Id.* We will examine only the evidence and the reasonable inferences that may be drawn therefrom that are most favorable to the nonmovant, and the motion should be granted only where there is no substantial evidence to support an essential issue in the case. *Id.* If there is evidence that would allow reasonable people to differ as to the result, judgment on the evidence is improper. *Id.; see also* Ind. Trial Rule 50(A).

*Collins v. McKinney*, 871 N.E.2d 363, 370 (Ind. App. 2007).

2

**B. Valuation**

In this case, the Defendant challenges the verdict claiming there was insufficient evidence on the valuation of the Louisiana property. I disagree.

Indiana law allows an owner of a business to give an opinion on the value of property with a basis for that valuation where the witness is not testifying as an expert. *Court View Centre, L.L.C. v. Witt*, 753 N.E.2d 75, 82 (Ind. App. 2001) (citations omitted). Specifically, where a "witness is not testifying as an expert, the witness's testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness's testimony or determination of a fact in issue." *Id. citing* Ind. Evidence Rule 701.

At trial, the Plaintiff testified he attended numerous HUD auctions on behalf of the LLC for the express purpose of buying and selling rental properties. After purchasing the properties, Plaintiff was tasked with rehabilitating the properties before they were sold again, presumably for a profit. The Plaintiff was involved in the purchase of the Louisiana property for JPSH, LLC. When it came time to list the Louisiana property for sale, it was advertised at $1.9 million dollars with the Defendant's knowledge. (Doc. No. 221 at p. 89). During Plaintiff's direct testimony, he testified as follows:

> Q. Do you know what the property in Louisiana was worth when it was sold, what it's worth now?
> A. It's worth 2 million all day long. Two million.
> Q. What about Kentucky? What about the Kentucky property?
> A. A million. 800,000. 800,000.

(Doc. No. 221 at p. 83).

3

At trial, the exhibit containing the property listing for sale was identified and subject to cross-examination by the Defendant. Although the Defendant objected to admission of Exhibit 282, it was admitted and became one of the exhibits the jury had for consideration during deliberations. (Doc. No. 208, p.2 ).

Given the Plaintiff's experience in the purchase and sale of HUD properties, including involvement in the purchase of the Louisiana property and its listing for sale, there was evidence upon which the jury could make a determination on the value of this property. *See Cunningham v. Masterwear Corp.*, 569 F.3d 673, 675 (7th Cir. 2009) (a property owner can testify about the value of his property as a matter within his personal knowledge or as an expert). (Citations omitted). Whether the jury properly chose to accept the Plaintiff's experience as a sufficient basis for the valuation goes to his credibility and I am prohibited from encroaching upon the jury's assessment and finding on this issue.

### C. Punitive Damages

> "To justify an award of punitive damages, there must be clear and convincing evidence which overcomes the presumption that the defendant's conduct was merely negligent or the result of some honest error." *Lazarus Department Store v. Sutherlin (1989), Ind.App., 544 N.E.2d 513, 527, trans. denied*. Punitive damages are recoverable upon clear and convincing evidence that the defendant acted with malice, fraud, gross negligence, or oppression which was not the result of mistake of law or fact, honest error of judgment, overzealousness, mere negligence or other human failing. *Id.*

*W & W Equipment Co., Inc. v. Mink*, 568 N.E.2d 564 (Ind. App. 1991) (affirming punitive damages in a breach of fiduciary duty case). In light of this burden, "[p]unitive damages are not commonplace and rarely appropriate." *Hi-Tec Properties, LLC v. Murphy*, 14 N.E.3d 767, 777 (Ind. App. 2014), citing *Yost v. Wabash College*, 3 N.E.3d 509, 524 (Ind. 2014). In assessing whether there is sufficient evidence upon which to sustain a punitive damages award, the court does "not reweigh the evidence or assess witness credibility and consider[s] only the probative evidence and reasonable inferences supporting the verdict." *Id.*

Although the Defendant argues the Plaintiff failed to establish malice, "the element of malice is a mere alternative, not an essential prerequisite, to obtain punitive damages." *Bud Wolf Chevrolet, Inc. v. Robertson*, 519 N.E.2d 135, 137 (Ind. 1988). The relevant inquiry is whether the defendant "subjected other persons to probable injury, with an awareness of such impending danger and with heedless indifference of the consequences." *Id.* at 137, citing *Orkin Exterminating Co., Inc. v. Traina*, 486 N.E.2d 1019, 1023 (Ind. 1986).

The jury determined the Defendant was liable for breach of fiduciary duty. The evidence presented at trial, including email communications between the parties, corroborated their deteriorating business relationship. In addition, Defendant provided Plaintiff with a questionable rationalization for the need to obtain mortgages on the properties. The jury also heard testimony regarding the Defendant's conduct in failing to provide notice to Plaintiff that no payments on the notes were being made resulting in the subsequent inevitable foreclosure on the properties.

The Louisiana property, Beulah Gardens, a one hundred unit apartment complex which was the subject of a $1.5 collateral mortgage signed by Plaintiff and the Defendant on behalf of JPSH, to J-J Parent, was sold at a sheriff's sale to J-J Parent for only $897.13. (Def. Ex. 412). Shortly thereafter, the Kentucky property, Magoffin Manor, also the subject of a similar $1.5 collateral mortgage in favor of J-J Parent, was sold at auction to J-J Parent for $533,400. (Def. Ex. 504).

The Plaintiff testified, over some objections, on how the business venture with the Defendant affected him in other ways:

> Q. As a result of this - - these actions and this business venture, how has this affected you?
>
> A. I mean, it destroyed my marriage almost. My wife doesn't want to have kids because she feels like we're broke and I owe all this money. It just destroyed me.
>
> . . . .

> Q. In addition to that, how else have you been affected as a result of this business venture?
>
> A. I had perfect credit since I was 18. I owned my own house since I was 18. This caused me to lose my own house. That, of course, affects your marriage. And when you're broke and drive a 25-year-old car - -
>
> Q. Did you file bankruptcy?
>
> A. No, I never wanted to go bad on my debts. And I won't. I'm going to keep fighting this.

(Doc. No. 221 at pp. 81-83).

Set against this backdrop was the Defendant's high level of sophistication as an experienced property investor, his control of the finances as 51% owner of the entity, and who had benefit of business experience in a number of other going concerns. Given these circumstances, there was evidence and permissible inferences upon which the jury could have construed the conduct as rising to the level of gross negligence or oppressiveness, or determined it "subjected other persons to probable injury, with an awareness of such impending danger and with heedless indifference of the consequences." 519 N.E.2d at 137.

Accordingly, I deny Defendant's motion for judgment as a matter of law (Doc. No. 236).

**MOTION TO STAY PROCEEDINGS IN AID OF EXECUTION**

On June 3, 2015, and in response to Defendant's request to stay execution of final judgment in this case, I granted his motion "upon perfection of the posting of a supersedeas bond in the amount of Two Million Seven Hundred Thousand Dollars ($2,700,000.00)." (Doc. No. 231).

Thirteen days later, Defendant moved for a stay of the proceedings in aid of execution pursuant to Fed. R. Civ. P. 69 on the basis that the present judgment is interlocutory in nature pending the resolution of plaintiff's request for attorney fees. I agree with the Defendant that the attorney fee issue is appropriate for oral argument. Therefore, Defendant's motion for a stay of

6

proceedings in aid of execution is granted until there is a ruling on the Plaintiff's motion for an award of attorney fees and prejudgment interest.

## CONCLUSION

For the reasons stated above, Defendant's motion for judgment as a matter of law (Doc. No. 236) is denied. Defendant's motion to stay proceedings in aid of execution (Doc. No. 241) is granted until the Court issues a ruling on Plaintiff's motion for attorney fees and prejudgment interest. Plaintiff's motion for attorney fees and costs is set for oral argument and hearing on **June 29, 2016 at 1:30 pm, in Courtroom 204.**

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge