UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Scott Hutchison,                                          Case No. 3:12 cv 320

          Plaintiff

      v.                                          MEMORANDUM OPINION

John R. Parent et al.,

          Defendants


## I. BRIEF BACKGROUND

In April 2015, this case was tried to a jury who found in favor of Plaintiff on the claims of breach of fiduciary duty and fraud.  The jury awarded damages in the amount of $989,000.00 on the breach of fiduciary duty and zero dollars on the claim of fraud.  Having determined the Plaintiff was entitled to punitive damages, the jury also awarded Plaintiff $1,135,000.00 in punitive damages.

Following those verdicts, the Defendant moved for and was denied judgment as a matter of law.  (Doc. No. 266).  I granted Defendant's motion for a stay of execution pending a ruling on the motion for attorney fees and prejudgment interest.

This matter is now before me on Plaintiff's motions for attorney fees, prejudgment interest (Doc. No. 211), and for costs (Doc. No. 212).  For the reasons that follow, Plaintiff's motions are denied.


## II. MOTION FOR ATTORNEY FEES

Plaintiff seeks attorney fees based on this language in the Operating Agreement:

13.7.  <u>Attorney Fees</u>.  Any party, including the Company, is entitled to receive his reasonable attorney fees incurred in successfully enforcing his rights hereunder.

(Doc. No. 92-19 at p. 20).  The Plaintiff contends his success on the claim for breach of fiduciary duty is tantamount to successfully enforcing his rights under the Agreement.  Because the Operating Agreement gives rise to the fiduciary duty and because he was the prevailing party at trial, Plaintiff contends he is entitled to his reasonable attorney fees for enforcing his rights under that Agreement.

In contrast, the Defendant vigorously opposes the motion and disputes the Operating Agreement created the fiduciary duty.  He argues the common law of Indiana provides for the fiduciary duties owed by members of closely held corporations or limited liability companies.

Fiduciary duty arises by virtue of a fiduciary relationship which has been characterized as "a relationship of trust and confidence between the parties."  *York v. Fredrick*, 947 N.E.2d 969, 978 (Ind. Ct. App. 2011).  Such a relationship can exist without a written contract, *In re Kaufman*, 2013 WL 2403328 (S.D. Ind. 2013), or can be based upon the terms of a contract.  *Id.* citing *In re Frain*, 230 F.3d 1014, 1017-19 (7th Cir. 2000).  Additionally, the existence of a contract between the parties does not automatically translate to a fiduciary relationship, *Town of Goodland v. Kessler Tank Co., Inc.*, 2014 WL 1319509 (N.D. Ind.),  because "the existence of a fiduciary relationship depends upon the facts of each case, not on the labor or classification of a given relationship."  *Id.* at *2, citing *Demming v. Underwood*, 943 N.E.2d 878, 888 (Ind. Cr. App. 2012).   The law in Ohio is not dissimilar on these issues.  *See e.g., Groob v. KeyBank*, 108 Ohio St.3d 348, 351 (2006).

Under the law of Indiana, a breach of fiduciary duty is a tort claim for injury to personal property.  *Farmers Elevator  Co. of Oakville, Inc. v. Hamilton*, 926 N.E.2d 68, 79 (Ind. Ct. App. 2010).  Courts considering the duties of a fiduciary in the context of an Indiana LLC have applied common law principals tempered only by the limitations in operating agreements allowed by Indiana statute.

*See Credentials Plus, LLC v. Calderone*, 230 F.Supp.2d 890, 899 (N.D. Ind. 2002); Ind. Code § 23-18-4-4(a)(1).

In this case, Plaintiff dismissed his breach of contract claim with prejudice on April 20, 2015, prior to the commencement of trial.  (Minute entry of April 21, 2015).  Plaintiff prevailed on his breach of fiduciary duty and the jury instruction did contain reference to the exculpation clause of the Agreement but noted:

> Even if Defendant is entitled to protection from recovery by Plaintiff under the language of the Operating Agreement, it is nonetheless possible for Plaintiff to establish liability if he proves the actions or omissions constituted willful misconduct or recklessness.

(Doc. No. 206, p. 15).  The jury was also instructed as to the common law requirements insofar as the fiduciary "deal[ing] fairly, honestly, and openly with his company and his fellow members."  (*Id.* at p. 14).

As previously noted, the language of Section 13.7 of the Agreement allows for recovery of attorney fees "in successfully enforcing his right hereunder."  The term "hereunder" is defined as, "under this written agreement" or "under this agreement."  WEBSTER'S NEW INTERNATIONAL DICTIONARY, p. 1059   (3d ed. 1961).  Applying this definition to the term "hereunder," recovery under the contract is the only option for the recovery of attorney fees pursuant to this language.  *See Citimortgage, Inc. v. Barabas*, 975 N.E.2d 805, 813 (Ind. 2012) (discussing contract interpretation beginning with the plain language).

As the jury instructions and Indiana's common law allow for liability outside of the contractual obligations, I cannot find that success on the breach of fiduciary duty claim allows for recovery of attorney fees under the Operating Agreement in this case.   Accordingly, Plaintiff's motion for an award of attorney fees is denied.

### III. MOTION FOR PREJUDGMENT INTEREST

The Plaintiff also seeks an award of prejudgment interest pursuant to Ohio law. The Defendant opposes the motion arguing the application of Indiana law is appropriate in this case.

As noted by the Sixth Circuit recently, "In diversity cases in this Circuit, federal law controls postjudgment interest but state law governs awards of prejudgment interest." *Branch Banking & Trust Co. v. Pacific Life Ins. Co.*, 645 Fed. Appx. 387, 392 (6th Cir. 2016), citing *Estate of Riddle v. So. Farm Bur. Life Ins. Co.*, 421 F.3d 400, 409 (6th Cir. 2001) (citations omitted). In the absence of a contract on this issue, the law governing the cause of action in assessing prejudgment interest controls, even if it is not the law of the forum state. *Jack Henry & Assoc., Inc. v. BSC, Inc.*, 487 Fed. Appx. 246, 258 (6th Cir. 2012) citing *FDIC v. First Heights Bank, FSB*, 229 F.3d 526, 542-43 (6th Cir. 2000). In this case, the breach of fiduciary duty claim upon which the Plaintiff prevailed was subject to the law of Indiana, so that the law of Indiana controls on the issue of prejudgment interest.

The Supreme Court of Indiana recently addressed the applicability of Indiana's Tort Prejudgment Interest Statute in tort actions. *Kosarko v. Padula*, 979 N.E.2d 144, 150 (Ind. 2012). As noted by the Court in *Kosarko*:

> For a plaintiff's settlement offer to qualify under the TPIS, the offer must be filed "within one (1) year after a claim is filed in the court, or any longer period determined by the court to be necessary upon a showing of good cause," be in writing, be made to the party or parties against whom the claim is filed, "provide for payment of the settlement offer within sixty (60) days after the offer is accepted," and not exceed "one and one-third (1 1/3) of the amount of the judgment awarded." Ind. Code § 34-51-4-6.

*Id.* at n.3.

The Defendant contends Plaintiff's claim for prejudgment interest under the Indiana statute fails on each element. Notably, this action was filed in February 2012 but the written demand was

4

not made by Plaintiff until May 2014, well outside the time frame mandated by the Indiana statute.

*See Wisner v. Laney*, 984 N.E.2d 1201, 1211 (Ind. 2012). Even with the discretion granted to the trial

court to make a reasoned determination under this statute, the demand under the Indiana statute

was well outside the time frame, therefore Plaintiff's claim for prejudgment interest cannot succeed.

Plaintiff's motion for prejudgment interest is denied.

## IV. MOTION FOR AWARD OF COSTS

As a general matter, a party is not entitled to recover *all* costs related to trial:

> In litigation, each of the parties incurs a variety of expenses, from the relatively small amounts required for the mere filing of pleadings, to the often enormous sums spent for attorneys and expert witnesses. Although the court is authorized to make an award of costs, the prevailing party is not permitted to recoup all of these expenses. As employed in Rule 54(d)(1), "costs" is a term of art that refers only to those particular expenses that may be taxed to the opponent under 28 U.S.C. § 1920 as an incident of the judgment in the action.
>
> . . . .
>
> The expenses of witnesses are taxable as costs, at rates expressly set by statute, so generally an award of these costs is woefully insufficient to reimburse the litigant for the actual expenses of those witnesses. The difference between the costs award and the actual expense of the witnesses must be borne by the prevailing party.

10 MOORE'S FEDERAL PRACTICE § 54.103[1] (3d 2016) (footnotes and citations omitted).

Fed. R. Civ. P. 54(d)(1) addresses awarding costs other than attorney's fees in the following

manner: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other

than attorney's fees—should be allowed to the prevailing party." The taxation of costs is set out in

28 U.S.C. § 1920 regarding the following items:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;

(4)  Fees for exemplification and the costs of making copies of any materials where the
     copies are necessarily obtained for use in the case;
(5)  Docket fees under section 1923 of this title;
(6)  Compensation of court appointed experts, compensation of interpreters, and salaries,
     fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or
decree.


A.  Bill of Costs

On May 28, 2015, the Plaintiff submitted a formal bill of costs to the Clerk seeking a total of

$2,430.55.  (Doc. No. 228).

The Defendant initially objects to the taxable costs.  First, the Plaintiff requests $855.00 for

fees of the Clerk.  The Defendant acknowledges the filing fee was $350.00 in February 2012 and

questions what other figure accounts for the $505.00 difference.  Second, the Plaintiff questions the

costs related to the deposition of Thomas Danford, taken in the preceding state court action and

prior to the instant litigation. Third, the Defendant objects to charges related to the witness fees of

Dr. Rex Parent, Defendant's father, who was never called to offer testimony at trial.

Given the discrepancies noted by the Defendant and in the absence of a response, I grant

the taxable costs in the amount of $350.00 for the filing fee but deny the remainder of requested

costs.

B.  Non-Taxable Costs

Plaintiff also moves for an award of non-taxable costs.  He submits a two page itemization

of costs spanning July 2011 through April 2015 for a total of $15,575.93.  Included in this request

are the expenses for Plaintiff's expert witness, Joel Dollarhide, expenses for Plaintiff's investigator,

expenses for electronic legal research, and deposition costs.  The Plaintiff contends the charge for its

expert is reasonable and that his work was critical to his case.  All of the requested costs are, according to Plaintiff, reasonable and necessary.

The Defendant objects to the lack of documentation to support these claims as well as the unusual nature of Plaintiff's claimed costs.

The basis for the Plaintiff's "non-taxable costs" is not specified in his motion.  In 2007, the Sixth Circuit denied awarding expert fees as costs noting, "The *Crawford* Court held that 'when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of § 1821(b), absent contract or explicit statutory authority to the contrary.'"  *L & W Supply Corp. v. Acuity*, 475 F.3d 737, 740 (6th Cir. 2007), citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987).

Regarding Plaintiff's non-taxable costs, I agree with Defendant that the documentation to support his request is lacking.  In the absence of authority to support such a request, I am especially mindful of the Sixth Circuit's admonition on allowable costs, especially those pertaining to expert fees.  *Id.*   Therefore, I also deny Plaintiff's motion for non-taxable costs.

## V. Conclusion

For the reasons stated above, Plaintiff's motion for attorney fees and prejudgment interest (Doc. No. 211) is denied.  The Plaintiff's Bill of Costs (Doc. No. 228) is granted in the amount of $350.00 relative to the filing fee but denied as to the remainder of costs.  Finally, Plaintiff's motion for non-taxable costs (Doc. No. 212) is denied.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge