UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Scott Hutchison,                                             Case No. 3:12-cv-320

              Plaintiff

    v.                                                            MEMORANDUM OPINION
                                                                             AND ORDER

John R. Parent, et al.,

              Defendants


**BRIEF PROCEDURAL BACKGROUND**

As the facts underlying this litigation are well known to both sides, I set forth only a brief background. After a five day trial in April 2015, the jury found in favor of Plaintiff on the claims of breach of fiduciary duty and fraud. (Doc. No. 209). The jury awarded damages in the amount of $989,000.00 on the breach of fiduciary duty and zero dollars on the claim of fraud. (*Id.*). The jury also awarded the Plaintiff $1,135,000.00 in punitive damages. (*Id.*).

On May 27, 2015, the Defendant filed his motion for judgment as a matter of law (Doc. No. 224). Later that same day, he filed his notice of appeal of the jury verdicts. (Doc. No. 225).

On July 7, 2015, I determined the Court had jurisdiction to consider the Defendant's Rule 50(b) motion (Doc. Nos. 245 and 246) and set the matter for additional briefing on the merits. On June 2, 2016, I denied the Defendant's motion for judgment as a matter of law. (Doc. No. 266). Subsequently, on October 11, 2016, Plaintiff's motion for attorney fees and prejudgment interest was also denied. (Doc. No. 285). The Plaintiff filed a notice of appeal regarding the attorney fees and prejudgment interest on October 20, 2016. (Doc. No. 290).

This matter is before me on Defendant John R. Parent's motion for an indicative ruling and a motion for relief from judgment. (Doc. No. 295). Also before me are the Plaintiff's brief in opposition (Doc. No. 305), Defendant's reply (Doc. No. 306), Plaintiff's response (Doc. No. 307) and Defendant's sur-sur-reply (Doc. No. 308). Specifically, the Defendant's motion requests guidance on the application of Indiana's split-recovery statute to the punitive damage award.

## DISCUSSION

Fed. R. Civ. P. 62.1 addresses an indicative ruling as follows:

**(a) Relief Pending Appeal**. If a timely motion is made for relief that the court lacks authority to grant, because of an appeal that has been docketed and is pending, the court may:

**(1)** defer considering the motion;
**(2)** deny the motion; or
**(3)** state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

The Advisory Committee Notes offer insight into the rule:

> This new rule adopts for any motion that the district court cannot grant because of a pending appeal the practice that most courts follow when a party makes a Rule 60(b) motion to vacate a judgment that is pending on appeal. After an appeal has been docketed and while it remains pending, the district court cannot grant a Rule 60(b) motion without a remand. But it can entertain the motion and deny it, defer without consideration, or state that it would grant the motion if the court of appeals remands for that purpose or state that the motion raises a substantial issue. Experienced lawyers often refer to the suggestion for remand as an "indicative ruling." (Appellate Rule 4(a)(4) lists six motions that, if filed within the relevant time limit, suspend the effect of a notice of appeal filed before or after the motion is filed until the last such motion is disposed of. The district court has authority to grant the motion without resorting to the indicative ruling procedure.")
>
> This clear procedure is helpful whenever relief is sought from an order that the court cannot reconsider because the order is the subject of a pending appeal. Rule 62.1 does not attempt to define the circumstances in which an appeal limits or defeats the district court's authority to act in the face of a pending appeal. The rules that govern the relationship between trial courts and appellate courts may be complex, depending in part on the nature of the order and the source of appeal jurisdiction. Rule 62.1 applies only when those rules deprive the district court of authority to grant relief without appellate permission. If the district court concludes that it has authority to grant relief without appellate permission, it can act without falling back on the indicative ruling procedure.

> To ensure proper coordination of proceedings in the district court and in the appellate court, the movant must notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states it would grant the motion or that the motion raises a substantial issue. Remand is in the court of appeals' discretion under Appellate Rule 12.1.
>
> Often it will be wise for the district court to determine whether it in fact would grant the motion if the court of appeals remands for that purpose. But a motion may present complex issues that require extensive litigation and that may either be mooted or be presented in a different context by decision of the issues raised on appeal. In such circumstances the district court may prefer to state that the motion raises a substantial issue, and to state the reasons why it prefers to decide only if the court of appeals agrees that it would be useful to decide the motion before decision of the pending appeal. The district court is not bound to grant the motion after stating that the motion raises a substantial issue; further proceedings on remand may show that the motion ought not be granted.

Fed. R. Civ. P. 62.1 advisory committee's note.

Under Fed. R. App. Proc. 4(B)(i), "[i]f a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." Among the motions listed in Rule 4(a)(4)(A) is a motion "for judgment under Rule 50(b)."

In this case, the Defendant filed his notice of appeal of the jury verdict on the same day he sought to file his Rule 50(b) motion. That Rule 50(b) motion raised procedural issues regarding the district court's jurisdiction to entertain the motion, so those issues were the subject of a memorandum opinion in which I determined there was jurisdiction to consider the Defendant's arguments. Briefing on the merits of the Defendant's position ensued and a decision on the Rule 50(b) motion was issued on October 11, 2016. The Defendant's motion seeking an indicative ruling and for relief from judgment was filed on November 8, 2016, twenty-eight days after the Rule 50(b) merits ruling.

Here, there are two pending appeals before the Sixth Circuit. *Hutchison v. Parent*, Nos. 15-3604 and 16-4194. The issue regarding punitive damages and their treatment under Indiana law is an issue of first impression which raises a substantial issue impacting the punitive damages awarded

to the Plaintiff. Considering the circumstances of this litigation, and pursuant to Rule 62.1(a)(3), I grant the Defendant's motion for an indicative ruling. (Doc. No. 295). I further find that this Court would consider the substantial issue raised in the Defendant's motion if the Sixth Circuit were to remand the case for this purpose.

    So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge