UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Scott Hutchison,                                    Case No. 3:12-cv-320

            Plaintiff

     v.                                             MEMORANDUM OPINION

John R. Parent, et al.,

            Defendants

## I. BRIEF BACKGROUND

Following a five day trial in April 2015, the jury found in favor of Plaintiff on claims of breach of fiduciary duty and fraud. (Doc. No. 209). The jury awarded damages in the amount of $989,000.00 on the breach of fiduciary duty and zero dollars on the claim of fraud. (*Id.*). The jury also awarded the Plaintiff $1,135,000.00 in punitive damages. (*Id.*).

Following the jury trial, the Defendant filed his notice of appeal on May 27, 2015. (Doc. No. 225). That same day, Defendant filed an amended motion for leave to file a renewed motion for judgment as a matter of law. (Doc. No. 226). On June 5, 2015, the Sixth Circuit Court of Appeals noted they were holding the Defendant's appeal in abeyance pending rulings on pending motions. (Doc. No. 233). The Defendant's motion for judgment as a matter of law was denied on June 2, 2016. (Doc. No. 266).

On November 8, 2016, Defendant Parent moved for an indicative ruling to amend the prior judgment and apply Indiana's split-recovery punitive damages statute to the judgment issued in this case. Following briefing on that issue, I granted the motion for an indicative ruling pursuant to Fed.

R. Civ. Pl 62.1(a)(3) "if the Sixth Circuit were to remand the case for this purpose." (Doc. No. 317). On July 17, 2017, the Circuit issued a remand to this Court for that very purpose. (Doc. No. 318).

Accordingly, this matter is before me on the limited issue regarding the punitive damages award and whether Indiana's split-recovery statute applies to that award. Defendant argues that Indiana's split-recovery statute, Ind. Code § 34-51-3-6[1], applies to the punitive damages award. The Defendant acknowledges this is a novel situation but advocates the "split-recovery statute of one state should be recognized to apply to a state law claim in a federal court sitting outside the subject state." (Doc. No. 295-1 at p. 7). In opposition, Plaintiff contends the Indiana statute is procedural, not substantive, and that under a choice of law principles, the law of Ohio must be applied to this award.

## II. ANALYSIS

"In diversity cases, state law governs damage awards because damages are a matter of substantive law." 17A Moore's Federal Practice §124.07[3][a] (3d ed. 2017), citing *Browning –Ferris*

---

[1] Sec. 6. (a) Except as provided in IC 13-25-4-10, when a finder of fact announces a verdict that includes a punitive damage award in a civil action, the party against whom the judgment was entered shall notify the office of the attorney general of the punitive damage award.

(b) When a punitive damage award is paid, the party against whom the judgment was entered shall pay the punitive damage award to the clerk of the court where the action is pending.

(c) Upon receiving the payment described in subsection (b), the clerk of court shall:

    (1) pay the person to whom punitive damages were awarded twenty-five percent (25%) of the punitive damages award; and

    (2) pay the remaining seventy-five percent (75%) of the punitive damage award to the treasurer of the state, who shall deposit the funds into the violent crime victims compensation fund established by IC 5-2-6.1-40.

(d) The office of the attorney general may negotiate and compromise a punitive damage award described in subsection (c)(2).

(e) The state's interest in a punitive damage award described in subsection (c)(2) is effective when a finder of fact announces a verdict that includes punitive damages.

*Indus. of Vermont v. Kelco Disposal, Inc.*, 492 U.S. 257, 278-79 (1989). "*Erie* mandates that a federal court sitting in diversity apply the substantive law of the forum State, absent a federal statutory or constitutional directive to the contrary." *Salve Regina College v. Russell*, 499 U.S. 225, 226 (1991), citing *Erie Railroad Co. v. Thompkins*, 304 U.S. at 78.

In tort actions, the Supreme Court of Ohio adopted the choice-of-law approach set forth in the Restatement (Second) of the Law of Conflicts §§ 145-146 (1974), modifying the traditional *lex loci delicti* analysis. *Muncie Power Products, Inc. v. United Tech. Auto., Inc.*, 328 F.3d 870, 873-875 (6th Cir. 2003), citing *Morgan v. Biro Mfg. Co.*, 15 Ohio St.3d 339, 342 (1984) (noting "the law of the place of injury controls unless another jurisdiction has a more significant relationship to the lawsuit").

Ohio applies the following factors in determining the "significant relationship" requirement: 1) the place where the injury occurred; 2) the place where the conduct causing the injury occurred; 3) the domicile, residence, nationality, place of incorporation, and place of business of the parties; 4) the place where the relationship of the parties is located; and 5) any factors under Section 6 of the Restatement which the court may deem relevant to the litigation. *Morgan*, 474 N.E.2d at 289 (citing Restatement (Second) of the Law of Conflicts § 145 (1971)); *see also Wahl v. General Elec. Co.*, 786 F.3d 491, 499 (6th Cir. 2015). These factors are to be evaluated "according to their relative importance to the case." *Morgan*, 474 N.E.2d at 289. "The Restatement test is a fact-driven approach that necessarily varies from case to case." *MacDonald v. General Motors Corp.*, 110 F.3d 337, 346 (6th Cir. 1997).

As to the first factor, I find the injury to the Plaintiff occurred in Ohio. This is where Plaintiff became embroiled in litigation, initiated in state court over various promissory notes. Litigation related to the conduct in this case continues to plague the Plaintiff in this forum. For example, in this case there are pending motions to intervene by First Federal Bank to establish an equitable lien against the judgment or lien of Plaintiff against Defendant (Doc. No. 310), and by

Jonathan M. Epling to assert a creditor's bill against any judgment or lien of Plaintiff against the Defendant. (Doc. No. 326).

The conduct causing the injury took place in Ohio, Indiana, and Florida. In July 2008, the Defendant traveled to Ohio to secure Plaintiff's signature to promissory notes and mortgages on the properties owned by JPSH, LLC, an entity formed by the parties. Additionally, the Defendant took sole possession of all financial records of JPSH, including those held by the Plaintiff in Ohio, after July 2008. While a resident of Indiana and Florida, Defendant failed to make payments on the note or notify Plaintiff of the non-payment, which resulted in foreclosures on the Kentucky and Louisiana properties, and which were purchased by the Defendant's entity at foreclosure sales. Notice of the foreclosures was directed to the Plaintiff in Ohio. The Defendant's conduct in Ohio put the Plaintiff at risk for the ultimate failure. On balance, I find this factor weighing in favor of Ohio as the place where the conduct causing the injury occurred.

Regarding the domicile, residence, place of incorporation, or place of business, it is undisputed Plaintiff is a resident of Ohio. There is a dispute as to the Defendant's residency. In his answer (Doc. No. 10) to the complaint, Defendant denied he was a resident of Indiana. There was no testimony regarding Defendant's residency at trial.

In a sur-sur reply to his motion, Defendant submits a declaration stating: "[f]or the years 2009-2012, I was a resident of Florida. During those years, I also spent a substantial time living in Indiana." (Doc. No. 308-1). According to a January 2011 deposition from the state court litigation, the Defendant testified that he lived eight months out of the year in Florida and four months in Indiana. (Doc. No. 307-1). While the Defendant was presumably an Indiana resident prior to 2009, the conduct which resulted in harm to the Plaintiff continued through 2009. This is because the Kentucky and Louisiana properties went into foreclosure, were ultimately sold and purchased at auction by Defendant's entity in 2009. This effectively puts the interests of both Indiana and

Florida in play for the Defendant, thereby diminishing the significance of Indiana.

The same is true for the next factor regarding the place where the relationship of the parties is located. The parties conducted their business dealings at different locations. Plaintiff traveled to the properties in Kentucky and Louisiana in connection with the business. Both sides communicated with the other from Ohio, Indiana, Kentucky, Louisiana, and Florida.

The last factors to be considered under §6 of the Restatement include:

> (a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainly, predictability and uniformity of result, and (g) ease in the determination and application of the law to be applied.

Restatement (Second) Conflicts of Laws § 6(2) (1971).

In considering these additional factors, both Indiana and Ohio allow punitive damages for breach of fiduciary duty claims. Both states agree the purpose of punitive damages is to punish and deter. *See Sims v. Pappas*, 73 N.E.3d 700, 706 (Ind. 2017); *Whetstone v. Binner*, 146 Ohio St.3d 395, 397 (2016). Both have enacted tort-reform legislation aimed at curbing excessive damage awards, with certain exceptions.

Here, the jury awarded punitive damages subject to an instruction under Indiana law. The applicable legal standard on punitive damages is not dissimilar between Ohio and Indiana. Under the choice of law considerations, I find Ohio has the most significant relationship to this punitive damage award. Ohio has a greater interest in protecting its citizens when the offending conduct occurs within its borders as does the resulting injury. That is the difference here. In this case, the law of Ohio and any limitations on a punitive damage award apply to the Plaintiff's award as opposed to that of Indiana.

Finally, as the punitive damage award is subject to the limits of Ohio Rev. Code §

2315.21(D)(2)(b)[2], I find it is limited to $350,000.00. *Bell v. Zurich American Ins. Co.*, 156 F.Supp.3d 886, 892 (N.D. Ohio 2015).

### III. CONCLUSION

For the reasons stated above, the Defendant's motion for relief from judgment based on the applicability of Indiana's split-recovery statute to the jury's punitive damage award is denied. (Doc. No. 295). Under a choice of law analysis, I find Ohio has a more significant relationship to the occurrence, the parties, and requires application of Ohio law to the punitive damage award. In addition, the punitive damage award is limited to $350,000.00 in accordance with Ohio Rev. Code § 2315.21(D)(2)(b).

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge

---

[2] (D)(2) (b) If the defendant is a small employer or individual, the court shall not enter judgment for punitive or exemplary damages in excess of the lesser of two times the amount of the compensatory damages awarded to the plaintiff from the defendant or ten percent of the employer's or individual's net worth when the tort was committed up to a maximum of three hundred fifty thousand dollars, as determined pursuant to division (B)(2) or (3) of this section.